# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHIEN-LIN SABER, an individual,<br><br>Plaintiff,<br>v.<br><br>SENTIENT LASERS, LLC, a Colorado limited liability company,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:19-cv-00760-DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendant Sentient Lasers, LLC's Motion to Dismiss Count II of Plaintiff Shien-Lin Saber's complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court held a hearing on the motion on March 9, 2020. At the hearing, Defendant was represented by Darrell J. Graham and Christopher S. Hill, and Plaintiff was represented by Paul K. Silverberg. The court took the matter under advisement. The court considered carefully the memoranda and other materials submitted by the parties, as well as the law and facts relating to the motion. Now being fully advised, the court issues the following Memorandum Decision and Order.

## BACKGROUND

Plaintiff Shien-Lin Saber ("Saber") is an individual residing in the State of California. Defendant Sentient Lasers, LLC ("Sentient") is a Colorado company that refurbishes and resells aesthetic lasers and which has its principal office located in the State of Utah. In July 2018, Sentient offered to sell Saber a Sciton laser with certain components, including a profractional component (the "First Laser"), for a price of $149,995.00. The parties agreed to the sale of the First Laser and Saber made a $15,000 payment. Subsequently, however, Sentient informed

Saber that the First laser lacked a profractional component. Consequently, Saber requested that Sentient refund her the initial $15,000 payment. In response, Sentient offered Saber a second laser that included a microlaser peel and profractional component along with other accessories (the "Second Laser"). Instead of continuing to request a refund, Saber agreed to purchase the Second Laser. Accordingly, the parties entered into an agreement in September 2018 (the "Contract") for Saber to purchase the Second Laser for $151,450.00. Thereafter, Saber made payment in full.

For the Second Laser to function, it required certain application tips—Halo and Diva tips—and accessories that would deteriorate quickly and require replacement frequently. Prior to accepting Sentient's offer to purchase the Second Laser, the parties had a sales call wherein Sentient showed Saber two bags of such application tips that supposedly came with the Second Laser. Sentient told Saber that she could order additional application tips from Sentient as the need arose. Yet, when Saber received the Second Laser, she realized that Sentient had failed to ship several components, including the Halo and Diva tips and the profractional component (collectively, the "Components"). As such, Saber went to purchase Halo tips from the manufacturer, but the manufacturer explained that she could not purchase them directly due to the Second Laser being a resale. To date, Saber still does not possess all of the Components that she purchased with the Second Laser.

As a result of the foregoing experience, Saber initiated the instant suit in this court on October 16, 2019 and asserted three claims for relief: (1) rescission; (2) violation of the Utah Unfair Practices Act ("UUPA") (Utah Code Ann. §§ 13-5-1 to -18); and (3) breach of contract.

**DISCUSSION**

Sentient now moves to dismiss Saber's UUPA claim for failure to state a claim. As stated above, the court held a hearing on Sentient's motion on March 9, 2020. At the end of the hearing, the court directed the parties to submit supplemental briefing regarding how *Garrard v. Gateway Fin. Servs., Inc.*, 2009 UT 22, 207 P.3d 1227—a case that neither party raised or discussed in their briefing—might affect Saber's UUPA claim. Following this direction, on March 13, 2020, Saber filed a notice of voluntary dismissal wherein she voluntarily dismissed her UUPA claim. Importantly, however, Saber moved to voluntarily dismiss her UUPA claim *without* prejudice. Nevertheless, the court concludes that Saber's UUPA claim must be dismissed *with* prejudice for the reasons set forth below.

First, the UUPA "makes unlawful only '[u]nfair methods of competition in commerce.'" *Garrard*, 2009 UT 22, ¶ 9, 207 P.3d 1227, 1230 (quoting Utah Code Ann. § 13-5-2.5(1)). However, "there is no indication that the Utah Legislature intended [the UUPA] to reach any practices beyond anticompetitive behavior." *Id.* Indeed, the UUPA "contains no language prohibiting unfair or deceptive practices in commerce." *Id.* ¶ 12. Therefore, the UUPA "applies only to claims of unfair competition brought by commercial competitors"; it "does not apply to consumers." *Snap Advances LLC v. SHG of Illinois, LLC*, No. 2:18-CV-00016-BSJ, 2019 WL 7505555, at *2 (D. Utah Feb. 12, 2019) (unpublished) (granting motion to dismiss because counterclaimant alleged that it was merely a consumer, not a competitor); *see also Icon Health & Fitness, Inc. v. Consumer Affairs.com*, No. 1:16-CV-00168-DBP, 2017 WL 2728413, at *5 (D. Utah June 23, 2017) (unpublished) (noting that *Garrard* establishes that the UUPA only allows claims by competitors and does not apply to consumers); *House of Flavors, Inc. v. TFG-Michigan, L.P.*, 674 F. Supp. 2d 306, 315 (D. Me. 2009) (dismissing UUPA claim because the

3

UUPA only allows claims by competitors, not consumers); *Garrard*, 2009 UT 22, ¶ 13, 207 P.3d 1227, 1230 ("[W]e make no judgment on the wisdom of a legislative expansion of the Unfair Practices Act to protect consumers as well as commercial competitors."). Therefore, because Saber is a consumer, not a competitor, her claim under the UUPA fails as a matter of law.

Second, the UUPA only governs intrastate commerce in Utah; it does not govern commerce outside of Utah or among different states. *See* Utah Code Ann. § 13-5-8 ("Definition of 'commerce' as used in this bill shall be construed to mean intrastate commerce in the state of Utah."); *see also Snap Advances*, 2019 WL 7505555, at *2 (dismissing counterclaimant's UUPA claim because the alleged misconduct did not occur "solely within Utah"). Here, the parties entered into an agreement that resulted in "commerce" that crossed state lines—that is, Saber, a resident of California, purchased the Second Laser from Sentient in Utah, and Sentient shipped that laser to California. Thus, for this independent reason, Saber's UUPA claim also fails.

## CONCLUSION

Based on the foregoing reasoning, Sentient's Motion to Dismiss Count II is hereby GRANTED, and Saber's UUPA claim is dismissed with prejudice.

Dated this 16th day of March, 2020.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge